# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**BRANDON WILSON,** *et. al,*                                                                 **PLAINTIFFS**

**v.**                                              **4:10CV01184-BRW**

**MORRILTON, ARKANSAS, CITY OF,** *et. al,*                                   **DEFENDANTS**

## ORDER

Pending is Separate Defendants' Motion in Limine (Doc. No. 53). Plaintiffs have responded.[1] For the following reasons, Defendants' Motion is GRANTED in part DENIED in part.

    **A.**    **Municipal League Reference**

Defendants ask that Plaintiffs be precluded from informing the jury that the Arkansas Municipal League represents the Defendants. Plaintiffs did not object to this argument in their Response. The United States Court of Appeals for the Eighth Circuit has held that the general rule "is that interjection of the fact that the defendant is protected by insurance or other indemnity may be prejudicial error requiring reversal."[2] The rationale behind this rule is that a jury may give an "unduly generous award of damages" if they know another entity may foot the bill.[3] Therefore, Defendants' Motion is GRANTED on this issue, and the Plaintiffs may not reference that the Municipal League represents Defendants or that the Municipal League is likely to pay any damage award.

---

[1] Doc. No. 56.

[2] *Griffin v. Hilke*, 804 F.2d 1052, 1057 (8th Cir. 1986).

[3] *Id*.

**B.     Dr. Peretti's Testimony**

Defendants also want to exclude the expert testimony and report of Dr. Frank Peretti.

Under Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify if the form of an opinion or otherwise if:
>
> **(a)**   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)**   the testimony is based on sufficient facts or data;
>
> **©**   the testimony is the product of reliable principles and methods; and
>
> **(d)**   the expert has reliably applied the principles and methods to the facts of the case.[4]

I find that Dr. Peretti is qualified to testify under Rule 702. Defendants may cross-examine him on the basis of his opinion. Defendants' Motion is DENIED on this point.

IT IS SO ORDERED this 7th day of December, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[4] Fed. R. Evid. 702.